IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CENTENO, ET AL., | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-2539-S-BK |
| | § | |
| RETREAT CAPITAL MANAGEMENT, | § | |
| INC. D/B/A ALLSEC FINANCIAL | § | |
| SERVICES, ALLSECTECH, INC., | § | |
| ALLSEC TECHNOLOGIES LTD., AND | § | |
| ADISESHAN SARAVANAN, | § | |
| | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSION, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Now before the Court for findings and a recommended disposition is *Defendant Allsec Technologies, Ltd. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction*, Doc. 11; *see also* Doc. 35 (District Judge Scholer's order of reference). As stated here, the motion should be **DENIED**.

   A.   **Background**

Plaintiffs filed their *Amended Complaint* in October 2018, alleging Defendants violated the Fair Labor Standards Act. Doc. 9. Specifically, Plaintiffs, who perform "Anti-Money Laundering [AML] Services" duties in Defendants' Irving, Texas offices, contend that Defendants improperly classified them and other similarly situated workers as independent contractors and paid them an hourly rate. Doc. 9 at 5-8. Plaintiffs aver that Defendants failed to pay them overtime compensation at the appropriate rate for hours worked in excess of 40 per

week. Doc. 9 at 7-8. Defendant Allsec Technologies, Ltd. ("ATL"), which operates out of India, now moves to dismiss the case against it for lack of personal jurisdiction.

**B. Applicable Law**

Personal jurisdiction is "an essential element" of district court jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks omitted). To exercise personal jurisdiction over a non-resident defendant in Texas, the Court must determine whether jurisdiction is authorized under the state's long-arm statute and if the exercise of jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001). The Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by federal constitutional law. *Id*. Thus, to determine whether it has personal jurisdiction, the Court need only consider whether its exercise of jurisdiction in this case would comport with federal due process requirements.

Under the federal constitutional test of due process, a plaintiff must overcome two hurdles to justify the exercise of jurisdiction over a nonresident defendant. The first prong of the analysis is the "minimum contacts" test.[1] A non-resident defendant establishes minimum contacts with the forum state by (1) purposely availing itself of the benefits of conducting activities in the forum state; or (2) purposely directing its activities at residents in the forum state and "litigation results from alleged injuries that 'arise out of or relate to those activities'" such that it "should reasonably anticipate being haled into court" there. *Burger King Corp. v.*

---

[1] The second prong of the analysis requires a showing that the exercise of personal jurisdiction over the nonresident comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Because ATL does not address the second prong of the due process analysis, neither will the Court.

*Rudzewicz*, 471 U.S. 462, 472, 474-76 (1985) (quotation omitted). Parties who "deliberately" engage in significant activities within the forum state or reach out beyond their state and create "continuing relationships and obligations with citizens of another state" are subject to suit in the forum state for the consequences of their activities. *Id*. at 473 (quoting *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647 (1950)). In conducting the minimum contacts analysis, the court must look to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there. *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014). Thus, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum state . . . ." *Id.* at 285.

"The minimum contacts analysis has been further refined by the Supreme Court into specific and general jurisdiction." Specific personal jurisdiction normally requires a showing that: (1) the non-resident defendant purposefully directed its activities to the forum state; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the particular case is reasonable (*i.e*., comports with "fair play and substantial justice.").[2] *Burger King Corp. v. Rudzewicz* , 471 U.S. 462, 472-73, 476 (1985). Agency relationships also may be relevant to establish specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (stating that "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there.").

---

[2] Because the Court finds that ATL is subject to specific personal jurisdiction, the more demanding standard that governs general jurisdiction need not be addressed. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992).

Where, as here, a non-resident defendant challenges personal jurisdiction with a motion filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff need only present *prima facie* evidence to support its burden of demonstrating facts sufficient to support jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). To that end, the "court must accept the plaintiff's 'uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation.'" *Id.* (quotation omitted). In doing so, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Id.* (citation omitted). Nevertheless, a court need not credit conclusory allegations even if they are uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

### C. Parties' Arguments

ATL contends that it was formed, operates, and has its principal place of business in India, and is thus not subject to personal jurisdiction in Texas. Doc. 11 at 1-2. ATL further avers that it is not subject to specific jurisdiction in Texas because Plaintiffs have not shown that their claims arise out of or relate to any contacts that ATL had with Texas. Doc. 11 at 3-4. In particular, ATL asserts that it did not recruit, hire, pay, or supervise Plaintiffs despite the blanket claims in their complaint against all of the Allsec entities, which were made on "information and belief." Doc 11 at 3-5.

In support of its motion, ATL has submitted the declaration of Sam Moses, an associate director of Defendant Allsectech, Inc. ("Allsectech") who states that he helped manage the projects that are the subject of this case. Doc. 12 at 3. Moses asserts that neither Defendant Allsec Financial nor Allsectech are operated by ATL, as: (1) Allsec Financial and/or Allsectech hired Plaintiffs as independent contractors; (2) Plaintiffs performed their services for Allsec

4

Financial and/or Allsectech; (3) Plaintiffs were paid by either Allsec Financial and/or Allsectech depending on the terms of their agreements; (4) Plaintiffs were not recruited by any of the defendants; and (5) ATL is not involved in the day-to-day performance of Plaintiffs' services. Doc. 12 at 4-5.

Plaintiffs respond that because ATL owns 100 percent of Defendants Retreat Capital Management ("Retreat") and Allsectech, over whom the Court has personal jurisdiction, the same bases for jurisdiction may be imputed to ATL. Doc. 26 at 1-3, 5-6. Even in the absence of imputed jurisdiction, Plaintiffs assert that ATL has sufficient minimum contacts with Texas for jurisdictional purposes. Doc. 26 at 7-8. To that end, Plaintiffs have submitted evidence showing that: (1) ATL is the parent company of Retreat and Allsectech, Doc. 26-2 at 5-6 (Moses Dep.); (2) Retreat, Allsectech, and ATL share a common website, which is available for viewing in the United States, Doc. 26-2 at 6 (Moses Dep.) & Doc. 13 at 3 (Defts. Answer); (3) Defendants utilize the website "to market and inform of products and services offered by the Allsec Entities or their subsidiaries," Doc. 13 at 3 (Defts. Answer); (4) ATL records the AML income derived from its Retreat and Allsectech subsidiaries as its own income, Doc. 26-3 at 5 (ATL Annual Report); (5) ATL had some Allsectech workers in Texas remotely conduct interviews of prospective employees in India, who were ultimately hired to work in India, Doc. 26-4 at 3-4 (Decl. of Norman Love); (6) throughout the project at issue, Retreat and Allsectech utilized ATL's timekeeping system and employee handbook, which includes instructions on how workers are expected to clock in and out each workday, Doc. 26-2 at 7-8 (Moses Dep.); (7) ATL sent some of its employees from India to Texas on a three-month rotation to train people employed through Retreat and Allsectech, instruct them how to perform their duties and show them how the project was to be done, Doc. 26-5 at 3 (Decl. of Farrukh Khawaja) & Doc. 26-6 at

5

3 (Decl. of Isaac Hasty); (8) in 2016, ATL's Chief Executive Officer traveled to Texas specifically to speak with the entire Texas team and told them about ATL's efforts to find new business for the Texas site, Doc. 26-7 at 3 (Decl. of Janice Barnes [unsigned]); and (9) Moses previously was informed by a senior vice president in India that Moses was going to be deposed in connection with a prior FLSA case,[3] Doc. 26-2 at 9-10 (Moses Dep.).[4]

### D. Analysis

For purposes of assessing the existence of specific jurisdiction in this case, the relevant inquiry is whether Plaintiffs have presented *prima facie* evidence demonstrating that ATL has established minimum contacts with Texas. *Burger King*, 471 U.S. at 472, 475-76. The Court readily concludes that they have met that burden.

Doubtlessly, ATL has purposefully availed itself of the benefits of conducting activities in Texas. *See* Doc. 26-2 at 6 (Moses Dep.) & Doc. 13 at 3 (Defts. Answer) (Defendants utilize a shared website for marketing products and services offered by the Allsec Entities and their subsidiaries); Doc. 26-4 at 3-4 (Decl. of Norman Love) (ATL had Allsectech employees in Texas remotely interview job candidates in India); Doc. 26-5 at 3 (Decl. of Farrukh Khawaja) & Doc. 26-6 at 3 (Decl. of Isaac Hasty) (ATL sent employees from India to Texas to train Retreat and Allsectech workers and assist in the ongoing AML project); Doc. 26-7 at 3 (Decl. of Janice Barnes) (ATL's CEO traveled to Texas to address the Texas team and apprise them of ATL's

---

[3] The case in question is *Lipsey v. Retreat Capital Management, Inc. d/b/a/ Allsec Financial Services*, No. 17-CV-1915-D. The parties settled the matter in June 2018.

[4] In its reply brief, ATL raises various objections to Plaintiffs' evidence, including that it lacks foundation, consists of hearsay, and does not stand for the proposition cited. Doc. 27 at 3-5. As previously noted, however, Plaintiffs need only present *prima facie* evidence supporting jurisdiction, and the Court thus accepts their uncontroverted allegations and resolves in their favor any conflicts with ATL's evidence. *Revell*, 317 F.3d at 469. Moreover, ATL's argument that Plaintiffs' statements are conclusory is meritless.

efforts to find new business for the Texas work site).  Indeed, ATL, by virtue of its activities and relationship with Allsectech and Retreat, has reached out beyond its physical boundaries and created ongoing relationships and obligations with actors in Texas.  *Walden*, 571 U.S. at 285; see Doc. 26-3 at 5 (ATL Annual Report reflecting Retreat and Allsectech's income as its own); Doc. 26-2 at 7-8 (Moses Dep.) (Retreat and Allsectech used ATL's timekeeping system and employee handbook); Doc. 26-7 at 3 (Decl. of Janice Barnes) (ATL's CEO in India traveled to Texas to address the Texas team).

Moreover, the instant litigation is based on the allegation that ATL has not paid Plaintiffs the wages—in Texas—which they are owed.  The lawsuit thus arises out of ATL's forum-related contacts.  *Burger King*, 471 U.S. at 472, 475-76.

Finally, the Court also finds persuasive Plaintiffs' argument that ATL's agency relationships with Allsectech and Retreat also support the exercise of specific jurisdiction.  *See Daimler AG*, 571 U.S. at 135 n.13; Doc. 26-2 at 5-6 (Moses Dep.) (ATL is the parent company of Retreat and Allsectech); Doc. 26-5 at 3 (Decl. of Farrukh Khawaja) & Doc. 26-6 at 3 (Decl. of Isaac Hasty) (ATL sent employees in India to Texas to train and instruct the Texas team).

### E. Conclusion

For the foregoing reasons, *Defendant Allsec Technologies, Ltd. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction*, Doc. 11, should be **DENIED**.

**SO RECOMMENDED** on July 1, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).